UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

————————————

| | |
|---|---|
| EMILY JETER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:18-cv-465 |
| | ) |
| COMMISSIONER OF | )   Honorable Gordon J. Quist |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **REPORT AND RECOMMENDATION**

This was a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3),
seeking review of a final decision of the Commissioner of Social Security, finding that
plaintiff was not entitled to disability insurance benefits (DIB) and supplemental
security income (SSI) benefits.  On September 17, 2018, the parties filed a stipulated
motion agreeing that this matter should be remanded to the Commissioner.  Judge
Gordon J. Quist granted the stipulated motion, vacated the Commissioner's decision,
and entered a judgment remanding this matter to the Commissioner under sentence
four of 42 U.S.C. § 405(g).  (ECF No. 18-20).

The matter is now before the Court on the plaintiff's motion for attorney's fees
under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  (ECF No. 21).
Defendant did not file a response.  For the reasons set forth herein, I recommend that
plaintiff's motion be granted, and that judgment be entered in plaintiff's favor in the
amount of $3,237.50.

## **Discussion**

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010).  A district court's decision granting or denying a motion for attorney's fees under the EAJA is reviewed on appeal under a deferential "abuse of discretion" standard.  *DeLong v. Commissioner*, 748 F.3d 723, 725 (6th Cir. 2014).

The Sixth Circuit has identified three conditions that must be met to recover attorney's fees under the EAJA:  (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances that would warrant a denial of fees.  *See DeLong*, 748 F.3d at 725.

Plaintiff is a prevailing party under this Court's judgment remanding this matter to the Commissioner.  *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993); 28 U.S.C. § 2412(d)(2)(H).  Plaintiff is a financially eligible person under the EAJA. See 28 U.S.C. § 2412(d)(2)(B).  Defendant offers no special circumstances that might warrant denial of fees and has made no attempt to satisfy the burden of demonstrating that the government's position was substantially justified.  *See*

*Scarborough v. Principi*, 541 U.S. 401, 414 (2004). Accordingly, plaintiff is entitled to an award of attorney's fees under the EAJA.

### 1.    Hours Claimed

"Once a court makes a threshold determination that a party is eligible for EAJA fees, it looks to the lodestar amount as a starting point for calculating a reasonable fee award." *Minor v. Commissioner*, 826 F.3d 878, 881(6th Cir. 2016). The United States Court of Appeals for the Sixth Circuit has cautioned lower courts against "rubber stamping" EAJA fee applications. *See Begley v. Secretary of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992).

The EAJA requires an itemized statement from plaintiff's attorney "stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Plaintiff seeks compensation for 18.50 hours in attorney time. (ECF No. 21-1, PageID.587).

Generally, a reasonable expenditure of time for representation of a party seeking judicial review of the Commissioner's final administrative decision denying claims for DIB and SSI benefits is in the range of fifteen to thirty hours. *See Flamboe v. Commissioner*, No. 1:12-cv-606, 2013 WL 1914546, at *2 (W.D. Mich. May 8, 2013); *see also Reed v. Commissioner*, No. 1:16-cv-572, 2017 WL 3530855, at *2 (W.D. Mich. Aug. 2, 2017) ("In the Court's experience, counsel seeking EAJA fees related to Social Security Appeals spend in the range of 15 to 30 hours working on these appeals."). "Unlike other types of civil cases in which the amount of discovery alone often creates wide variability in litigation hours, the vast majority of social security appeals

conform to a relatively narrow range of hours because they involve a largely settled area of law, require no discovery, and follow a precise briefing schedule[.]" *Flamboe v. Commissioner*, 2013 WL 1914546, at *2 (quoting *Crim v. Commissioner*, No. 1:11-cv-137, 2013 WL1063476, at *4 (S.D. Ohio Mar. 14, 2013)).  Having reviewed the record, I find that 18.50 hours is a reasonable amount of time expended on the work performed in this case.

### 2.    Hourly Rate

Plaintiff seeks to recover attorney's fees at a rate of $175 per hour.  (ECF No. 21-1, Page ID.587).  The EAJA specifies that "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  Recent decisions of this Court have found that a rate of $175 per hour for attorneys satisfies these statutory considerations.  *See Smith ex rel. S.K.W. v. Commissioner*, No. 1:16-cv-1175, 2018 WL 5781226, at *2 (W.D. Mich. Oct. 15, 2018); *Kochaney v. Commissioner*, No. 1:17-cv-851, 2018 WL  4700568, at *2 (W.D. Mich. Oct. 1, 2018); *Lyman v. Commissioner*, No. 1:16-cv-124, 2017 WL 6806692, at *1 (W.D. Mich. Dec. 20, 2017).   These cases support a $175.00 hourly rate under the EAJA. Multiplying the 18.50 hours reasonably expended by counsel by the $175 rate results in $3,237.50.  I find that plaintiff is entitled to recover this amount in fees under the EAJA.

### 3.    Judgment

The EAJA provides in pertinent part that the Court shall award fees "to a prevailing party." 28 U.S.C. § 2412(d)(1)(A). Thus, any judgment entered for EAJA attorney's fees must be entered in plaintiff's favor. *See Astrue v. Ratliff*, 560 U.S. at 591-93. "Any agreements entered into between plaintiff and counsel are not part of this closed case and cannot be injected into it at this juncture. There is a significant potential for conflict among plaintiff, h[er] creditors, and h[er] attorney with regard to the EAJA fees." *Flamboe v. Commissioner*, 2013 WL 1914546, at *3. "The EAJA does not legally obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay [his] attorney is controlled not by the EAJA but by contract and the law governing that contract." *Astrue v. Ratliff*, 560 U.S. at 599 (Sotomayor, J. concurring). "Plaintiff's contractual obligations to h[er] attorney are not part of this case." *Flamboe v. Commissioner*, 2013 WL 1914546, at *3; s*ee Drew v. Commissioner*, No. 1:13-cv-1135, 2014 WL 6680243, at *2 (W.D. Mich. Nov. 25, 2014).

## Recommended Disposition

For the reasons set forth herein, I recommend that the Court enter an order **GRANTING** plaintiff's unopposed motion for attorney fees under the Equal Access to Justice Act 28 U.S.C. § 2412 (ECF No. 21), and that the Court enter judgment in plaintiff's favor in the amount of $3,237.50.

Date: February 5, 2019          /s/ Phillip J. Green
                                PHILLIP J. GREEN
                                United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C.§ 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).