UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMILY JETER,

        Plaintiff,                                 Hon. Gordon J. Quist

v.                                               Case No. 1:18-cv-465

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). (ECF No. 24). Plaintiff's counsel seeks $5,235.00 in fees, as detailed in his application. Defendant has not opposed counsel's request. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the motion be granted.

On September 18, 2018, this matter was remanded to the Commissioner for further administrative proceedings. (ECF No. 20). Plaintiff was subsequently awarded disability benefits, including past-due benefits of $20,940.00. (ECF No. 24, PageID.608-83). Counsel submits the present motion seeking an award pursuant to the contingent fee arrangement into which he and Plaintiff entered. (ECF No. 24-5, PageID.688). According to this agreement, Plaintiff agreed to pay counsel a fee not greater than 25% of any past-due benefits she ultimately received. (Id.).

The Social Security Act provides that "whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). There exists "a rebuttable presumption of reasonableness to contingency-fee arrangements that comply with § 406(b)'s 25-percent cap." *Lasley v. Commissioner of Social Security*, 771 F.3d 308, 309 (6th Cir. 2014). Nevertheless, counsel is not automatically entitled to 25 percent of his client's past-due benefits. Instead, the Court has an independent obligation to assess the reasonableness of a request for attorney fees. *See Gisbrecht*, 535 U.S. at 807 ("§ 406(b) calls for court review of [contingent-fee agreements] as an independent check, to assure that they yield reasonable results in particular cases"). The burden to establish that a fee request is reasonable rests with counsel. *Ibid.*

Counsel secured for his client a favorable outcome and there is neither evidence nor suggestion that counsel's work in this matter was sub-standard or otherwise deficient. The requested award does not equate to an unreasonable hourly rate or otherwise result in an unfair windfall to counsel. The Court must also take into consideration the general risk associated with contingent fee cases. *See, e.g., Ballatore v. Commissioner of Social Security*, 2015 WL 5830836 at *5 (E.D. Mich., Aug. 5, 2015) (one consideration in the windfall analysis is whether counsel obtained a large award with minimal risk). Considering the relevant circumstances, the Court finds counsel's request to be reasonable.

While counsel is entitled to receive a portion of Plaintiff's past-due benefits, any award pursuant to § 406(b) must account for any amounts previously paid to counsel pursuant to the Equal Access to Justice Act.   *See Gisbrecht*, 535 U.S. at 795-96 (where counsel receives a fee award pursuant to both the EAJA and 42 U.S.C. § 406(b), he must "[r]efund to the claimant the amount of the smaller fee").   The Court previously awarded Plaintiff $3,237.50 in EAJA fees, but this amount was not paid to counsel.   (ECF No. 24- 1, PageID.604).   Thus, an offset or refund of EAJA fees is not applicable in this circumstance.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Attorney Fees, (ECF No. 24), be granted and counsel be awarded five thousand, two hundred thirty-five dollars ($5,235.00).

Dated: August 12, 2019                    /s/ Phillip J. Green
                                          PHILLIP J. GREEN
                                          United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.   28 U.S.C. ⧠ 636(b)(1)(C); FED. R. CIV. P. 72(b).   All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).   Failure to file timely and specific objections may constitute a forfeiture of any further right of appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *Berksire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012).   General objections do not suffice.   *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).